**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**COURT FILE NO.: CV - _____**

| | |
|---|---|
| Traci Stanton; Terri Stanton; C.A., a minor child; and Debra Stanton,<br><br>        Plaintiffs,<br>v.<br><br>National Management Recovery Corp. Inc.; Jane Doe; Terry Doe; Mary Doe; and Joan Doe,<br><br>        Defendants. | **COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendant state law claims.

2. This action arises out of Defendants' violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

## PARTIES

3. Plaintiff Traci Stanton, is a natural person who resides in the City of Birchwood, County of Washington, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

4. Plaintiff Terri Stanton and Plaintiff C.A. are natural persons who reside in the City of No. St. Paul, County of Ramsey, State of Minnesota, and are "consumers" as that term is defined by 15 U.S.C. § 1692a(3).

5. Plaintiff Debra Stanton is a natural person who resides in the City of Birchwood, County of Washington, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

-2-

6. Defendant National Management Recovery Corp. Inc. (hereinafter "Defendant NMRC") is a foreign corporation and a collection agency operating from an address of 5571 N. University Drive, Suite203, Coral Springs, FL 33067 and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

7. Defendant Jane Doe (hereinafter "Defendant Jane Doe") is an employee who works for Defendant NMRC and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

8. Defendant Terry Doe (hereinafter "Defendant Terry Doe") is an employee who works for Defendant NMRC and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

9. Defendant Mary Doe (hereinafter "Defendant Mary Doe") is an employee who works for Defendant NMRC and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

10. Defendant Joan Doe (hereinafter "Defendant Joan Doe") is an employee who works for Defendant NMRC and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

11. Sometime on or before November 15, 2005, Plaintiff Traci Stanton allegedly incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely an amount due and owing to Treasure Island Resort for approximately $1,000.00.

12. In November of 2005 Defendants, in an attempt to collect the debt owed to Treasure Island Resort by Plaintiff Traci Stanton placed a telephone call to 651-777-9781 the residence of Plaintiff Terri Stanton and spoke with Plaintiff C.A., a minor female who is the daughter of Plaintiff Terri Stanton.

13. Defendant's agent/Defendant Jane Doe asked Plaintiff C.A. if Plaintiff Traci Stanton was there.

-3-

14. Plaintiff C.A. responded that Traci Stanton was not there and had not lived at that residence for over five (5) years.

15. Defendant Jane Doe then proceeded to disclose that Plaintiff Traci Stanton was in trouble and scared and threatened Plaintiff C.A. with statements that there were "charges being filed against Plaintiff Traci Stanton," there was a "warrant out for her arrest," and that the "police are coming to your home and that you must show them ID so you are not arrested," in violation of 15 U.S.C. §§ 1692d, 1692d(2), 1692e(7), 1692e, and 1692f.

16. Terrified and confused Plaintiff C.A., the only person home at the time, told Defendant Jane Doe that she was only fifteen (15) year old and that she was home alone.

17. Plaintiff C.A. then called her mother Plaintiff Terri Stanton at Fairview Hospital, her place of employment and reported what had been told to her by Defendant Jane Doe.

18. Plaintiff Terri Stanton attempted to console her daughter and told her to contact her Darrin Parris (Terri's boyfriend) and tell him to come home at once.

19. Plaintiff C.A. then called her grandmother Plaintiff Debra Stanton (the mother of Terri and Traci Stanton) and told her about the police coming to arrest Plaintiff Traci Stanton.

20. Plaintiff Debra Stanton then called her husband Robert Stanton (the father of Plaintiff Terri and Traci Stanton) and told him about the police coming to arrest Plaintiff Traci Stanton.

21. Robert Stanton then told Carrie Stanton (the sister-in-law of Plaintiff Terri and Traci Stanton) and told her about the police coming to arrest Plaintiff Traci Stanton.

22. Carrie Stanton in turn then called Plaintiff Traci Stanton about the police coming to arrest her and the warrant out for her arrest.

23. Plaintiff Traci Stanton scared and terrified then called Plaintiff C.A. to get the specific details of the original call with Defendant Jane Doe.

24. Plaintiff Traci Stanton was reduced to tears by the threats made to her niece Plaintiff C.A. that warned of her arrest and she (Plaintiff Traci Stanton) spent several hours calling around to various law enforcement agencies attempting to find out about the warrant for her arrest.

25. Plaintiff Traci Stanton then called Defendant's female agent/Defendant Terry Doe who had also left a recorded voicemail message for Traci Stanton on Plaintiff Debra Stanton's message machine.

26. Defendant Terry Doe told Plaintiff Traci Stanton that National Management was attempting to collect on the Treasure Island Resort debt and that if there was not payment by December 5, 2005, then a warrant would be issued for her arrest in violation of 15 U.S.C. §§ 1692d, 1692d(2), 1692e(7), 1692e, and 1692f.

27. Further Defendant Terry Doe told Plaintiff Traci Stanton that she must get her parents to pay the debt and that her failure to pay the debt to Treasure Island Resort was a felony in violation of 15 U.S.C. §§ 1692d, 1692d(2), 1692e(7), 1692e, and 1692f.

28. On December 5, 2005, Defendant Terry Doe called Plaintiff Debra Stanton and asked to speak with Plaintiff Traci Stanton.

29. Plaintiff Debra Stanton told Defendant Terry Doe that Plaintiff Traci Stanton was at work and then Defendant Terry Doe disclosed that Plaintiff Traci Stanton owed money that National was attempt to collect in violation of 15 U.S.C. §§ 1692b and 1692c(b).

30. Defendant Terry Doe told Plaintiff Debra Stanton that there was a warrant out for her daughter's arrest and that in order to stop Plaintiff Traci Stanton from going to jail

Plaintiff Debra Stanton needed to pay $500 immediately and then remaining payments of $250 would be due on January 5, 2006, and February 5, 2006.

31. Plaintiff Debra Stanton, in an attempt to protect her daughter from going to jail paid Defendant $500 on December 5, 2005.

32. On January 6, 2006, Defendant Mary Doe called Plaintiff Terri Stanton's residence for the second time asking for Traci Stanton. This time Plaintiff Terri Stanton took the call and told Defendant Mary Doe that Plaintiff Traci Stanton did not live there.

33. During this conversation Plaintiff Terri Stanton scolded Defendant Mary Doe for scaring her minor daughter with the call back in December of 2005.

34. Defendant Mary Doe then disclosed to Plaintiff Terri Stanton that Plaintiff Traci Stanton had written bad checks and that Defendants deserve to get its money in violation of 15 U.S.C. §§ 1692b and 1692c(b).

35. Defendant Mary Doe then threatened that if Plaintiff Traci Stanton would not pay that Defendants would go after her father for the money in violation of 15 U.S.C. §§ 1692d and 1692e.

36. Defendant Joan Doe called Plaintiff Debra Stanton's home on January 10, 2006, at 5:30 PM and spoke with Plaintiff Traci Stanton and told her that she was from Ramsey County Sheriff's Department calling on a secure line and that there was a warrant out for her arrest for a felony and the police were on there way to her home due to non payment in violation of 15 U.S.C. §§ 1692d, 1692d(2), 1692e(7), 1692e, and 1692f.

37. Plaintiff Traci Stanton ended the call and then immediately called Ramsey County and learned there was no arrest warrant out for her.

38. On January 4, 2006, Defendants illegally and without permission or consent of Debra Stanton converted $264.00 from her bank account in furtherance of its collection of Plaintiff Traci Stanton's debt in violation of 15 U.S.C. §§ 1692d, 1692e and 1692f.

39. Defendants' illegal conduct has caused all Plaintiffs to suffer emotional distress and specifically Plaintiff Debra Stanton has suffered additional out-of-pocket loss.

40. All of the conduct, in the paragraphs described above, by Defendants constitute violations of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692b, 1692c(b), 1692d, 1692d(2), 1692d(5), 1692e, 1692e(7), and 1692f.

## TRIAL BY JURY

41. Plaintiffs are entitled to and hereby demand a trial by jury. US Const. amend. 7. Fed. R. Civ. Pro. 38.

## CAUSES OF ACTION

### COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. §1692 et seq.

42. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

43. The foregoing acts and omissions of each and every Defendant constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

44. As a result of Defendants' violations of the FDCPA, Plaintiffs have suffered out-of-pocket expenses and are therefore Plaintiffs are entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in the amount of $1,000.00 per Defendant

-7-

pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each and every Defendant for each Plaintiff.

## COUNT II.

## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

45. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

46. Defendants intentionally interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of the Plaintiffs.

47. Defendants intentionally caused harm to Plaintiffs' emotional well being by engaging in highly offensive conduct in the course of collecting a debt.

48. Plaintiffs had a reasonable expectation of privacy in their solitude, seclusion, and or private concerns or affairs.

49. The intrusion by Defendants' occurred in a way that would be highly offensive to a reasonable person in that position.

50. These Defendants have harmed Plaintiffs because of such invasions of privacy.

51. As a result of such invasions of privacy, Plaintiffs are entitled to actual damages in an amount to be determined at trial from each and every Defendant.

## COUNT III.

## CONVERSION
## (PLAINTIFF DEBRA STANTON)

52. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

53. Defendants converted Plaintiff Debra Stanton's property by depriving Plaintiff Debra Stanton of the use and possession of her money on or about January 4, 2006.

-8-

54. Plaintiff Debra Stanton is entitled to all damages flowing from Defendants' conversion of her money.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray that judgment be entered against Defendants for:

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each and every Defendant for each Plaintiff;

- for an award of statutory damages of $2,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against each and every Defendant for each Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each and every Defendant for each Plaintiff;

- actual damages from each and every Defendant for each Plaintiff for the emotional distress suffered as a result of the FDCPA violations and invasions of privacy in an amount to be determined at trial;

- award actual and compensatory damages against Defendants for conversion of Plaintiff's property (money) in an amount to be determined at trial; and

- for such other and further relief as may be just and proper.

Respectfully submitted,

Dated this 7th day of February, 2006. **CONSUMER JUSTICE CENTER, P.A.**

By: s/Thomas J. Lyons, Jr. 
Thomas J. Lyons, Jr., Esq.
Attorney I.D. #0249646
342 East County Road D
St. Paul, Minnesota 55117-1275
Telephone: (651) 770-9707

Attorney for Plaintiff

-9-

## **VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF**

STATE OF MINNESOTA           )
                             ) ss
COUNTY OF _____    )

Traci Stanton, having first been duly sworn and upon oath, deposes and says as follows:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorney and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

                                              s/Traci Stanton
                                              Traci Stanton

Subscribed and sworn to before me
this <u>7th</u> day of February, 2006.


s/Helen Gudiel De Soriano
Notary Public

**VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFFS**

STATE OF MINNESOTA )
) ss
COUNTY OF Ramsey )

Terri Stanton for herself and her minor child, Plaintiff C.A., having first been duly sworn and upon oath, deposes and says as follows:

1. We are the Plaintiffs in this civil proceeding.
2. We have read the above-entitled civil Complaint prepared by our attorney and we believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. We believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. We believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. We have filed this civil Complaint in good faith and solely for the purposes set forth in it.

s/Terri Stanton
Terri Stanton

s/Terri Stanton
Terri Stanton for Plaintiff C.A.
as legal guardian

Subscribed and sworn to before me
this 6th day of February, 2006.

s/Marsha Ann Miller
Notary Public

-11-

## VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF

STATE OF MINNESOTA )
) ss
COUNTY OF  Wash )

Debra Stanton, having first been duly sworn and upon oath, deposes and says as follows:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorney and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

s/Debra A. Stanton
Debra Stanton

Subscribed and sworn to before me
this 1st day of February, 2006.


s/Judith K. Motz
Notary Public